**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 13-cv-03135-RBJ

**DOROTHY MURPHY** and
**HEATHER CREAZZO**, on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

**LENDERLIVE NETWORK, INC.,**

      Defendant.

---

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

---

Under Rule 26(c) FED. R. CIV. P., IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Court and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. "CONFIDENTIAL" information covered under the terms of this protective order shall include information that concerns private financial or medical information of the Plaintiffs and Opt-Ins and documents, materials and/or information produced by Defendant or any of

Defendant's agents or representatives, when designated as "CONFIDENTIAL" as provided herein, that consists of trade secrets, proprietary business materials and plans, special formulas, company security matters, customer lists, proprietary customer information, financial data, projected sales data, data which touch upon the topic of price, information related to income and earnings including tax returns, W -2 forms, 1099 forms, financial account information, correspondence regarding tax reporting and financial account numbers, and documents containing the legal names, addresses, email addresses, telephone numbers, Social Security numbers, performance reviews, disciplinary actions, job duties, performance expectations and hours worked of current and/or former employees of LenderLive, or information that would be deemed proprietary or confidential under the prevailing law of the jurisdiction. "CONFIDENTIAL" information shall also include documents produced by Plaintiffs or obtained through releases produced by Plaintiffs, concerning Plaintiffs' individual medical, personal identification, financial and/or tax records, when designated as "CONFIDENTIAL."

4.      CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.      CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at the trial, or at other proceedings in this case;

(c) the parties and designated representatives for the Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, arbitration or other proceedings in this case;

(e) the Court, its employees ("Court Personnel") and in Court filings related to this proceeding;

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL in clear and inconspicuous manner the following or other appropriate notice: "CONFIDENTIAL."

7.    All depositions shall be treated as CONFIDENTIAL until expiration of thirty (30) days after the deposition.   Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion or to contact the Judge's chambers, as may be required by the Judge's Practice Standards before filing a motion, within eleven (11) days of the end of the aforementioned ten-day period, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed or contact with the Judge's chambers is timely made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion and contact the Judge's chambers within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order shall not apply to information which is public knowledge or publicly available, nor to employees' general references to their job duties or hours worked at LenderLive, whether or not such information is also found in documents or materials produced by Defendant.   The Parties agree to continue to treat a document that is designated CONFIDENTIAL pursuant to this Protective Order as "CONFIDENTIAL" even when filed by one of the Parties with the Court.

11.   Any party that wishes to file information under seal must move the Court to do so pursuant to D.C.COLO.LCivR 7.2.  Information filed with the Court will generally be available to the public. Restriction of public access is appropriate for such things as Social Security numbers, residential addresses and true trade secrets and may be appropriate for other categories such as criminal histories and medical information, but the parties shall consider and confer about the possibility of redacting documents containing information designated as CONFIDENTIAL before filing such documents with the Court. If it is critical that the Court see the information, then the party that wishes to file information designated as CONFIDENTIAL with the Court may request a narrow order restricting public access and show good cause to support such a request.

12.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 15th day of October, 2014

_____
United States District Judge

STIPULATED TO AND APPROVED AS TO FORM this 7th day of October 2014.

s/ Jack A. Raisner                                    s/ Bronwyn H. Pepple

Jack A. Raisner                                    Charles W. Weese
René S. Roupinian                                  Bronwyn H. Pepple
OUTTEN & GOLDEN LLP                                LEWIS BESS WILLIAMS AND WEESE P.C.
3 Park Avenue, 29th Floor                          1560 Broadway, Suite 1400
New York, NY  10016                                Denver, Colorado 80202

*ATTORNEYS FOR PLAINTIFFS*                          *ATTORNEYS FOR DEFENDANT*