IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-03135-RBJ

DOROTHY MURPHY and
HEATHER CREAZZO, on behalf of themselves and all others similarly situated,

     Plaintiffs,

v.

LENDERLIVE NETWORK, INC.,

     Defendant.

---

# ORDER

---

     This matter is before the Court on the plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA [ECF No. 28].[1]  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  For the following reasons, the motion is granted.

## BACKGROUND

     The plaintiffs have brought this suit alleging violations of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, *et seq.* and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  This motion is limited to the FLSA claims, and as such only those claims will be discussed.

     The plaintiffs, Ms. Murphy and Ms. Creazzo, performed work as underwriters for the defendant employer, LenderLive Network, Inc. ("LenderLive").  LenderLive is a Tennessee corporation with its principal place of business in Colorado.  It provides mortgage services for

---

[1] The Court is aware that there are a number of other pending motions in this case, which will be addressed at a later time.

financial institutions in the United States.  LenderLive's underwriters are nonexempt employees under the FLSA, meaning that they are entitled to overtime pay for time worked in excess of 40 hours per week.

The plaintiffs allege that LenderLive failed to pay them and similarly situated underwriters overtime compensation for hours worked in excess of 40 per week.  In particular, they contend that the defendant "intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA" as part of its regular business practice with respect to the following:

> A. instructing Plaintiffs and [those similarly situated to] clock in and out at times prescribed by Defendant, regardless of the actual hours worked;
> B. willfully ignoring that Plaintiffs and [those similarly situated] worked beyond the hours prescribed by the Defendant (*i.e.*, "off the clock");
> C. requiring that Plaintiffs and [those similarly situated] meet draconian quotas and goals that they could [be] meeting only if they worked off the clock in excess of 40 hours per workweek; and
> D. willfully failing to record all of the time that Defendant's employees, including Plaintiffs and [those similarly situated], have worked for the benefit of Defendant.

Complaint [ECF No. 1] ¶ 25.  The plaintiffs ask that the Court conditionally certify this claim as a collective action pursuant to Section 216(b) of the FLSA, and that the conditional class consist of all mortgage underwriters employed by LenderLive between November 18, 2010 and the present.  This date range complies with a three-year statute of limitations for alleged willful violations of the FLSA, relating back to the date the Complaint was filed, November 18, 2013.

In support of its motion, the plaintiffs have filed eleven declarations of former LenderLive underwriters from a variety of offices nationwide.  The declarations explain that LenderLive had instituted a daily or weekly underwriting quota, and that the underwriters had been told that failure to meet their quotas would result in adverse action including termination. Murphy Decl. [ECF No. 30-1] ¶¶ 13, 16; Creazzo Decl. [ECF No. 30-2] ¶¶ 13, 15; Nelson Decl.

[ECF No. 30-3] ¶¶ 11, 15; Jancevich Decl. [ECF No. 30-4] ¶¶ 11, 15; Jud Decl. [ECF No. 30-5] ¶¶ 11, 17; Donaldson Decl. [ECF No. 30-6] ¶¶ 11, 16;[2] Morytko Decl. [ECF No. 30-7] ¶¶ 11, 16; Binns Decl. [ECF No. 30-8] ¶¶ 13, 15; Allen Decl. [ECF No. 30-9] ¶¶ 11, 15; Hill Decl. [ECF No. 30-10] ¶¶ 11, 15; Motley Decl. [ECF No. 30-11] ¶¶ 11, 15.

Nearly all of the declarants maintain that their managers knew of the uncompensated overtime either because the underwriters had regular discussions with them concerning the need to work "off the clock" to meet their quotas, or through regular monitoring conducted by the managers. Murphy Decl. ¶ 20; Creazzo Decl. ¶ 18; Nelson Decl. ¶ 18; Jud Decl. ¶ 20; Donaldson Decl. ¶ 19; Morytko Decl. ¶ 20; Binns Decl. ¶ 19; Allen Decl. ¶ 19; Motley Decl. ¶ 18. Each of the declarants further avows that she regularly or occasionally worked over 40 hours per week without any additional compensation, including overtime pay. Murphy Decl. ¶¶ 7–8; Creazzo Decl. ¶¶ 7–8; Nelson Decl. ¶¶ 7–8; Jancevich Decl. ¶¶ 7–8; Jud Decl. ¶¶ 7–8; Donaldson Decl. ¶¶ 7–8; Morytko Decl. ¶¶ 7–8; Binns Decl. ¶¶ 7–8; Allen Decl. ¶¶ 7–8; Hill Decl. ¶¶ 7–8; Motley Decl. ¶¶ 7–8. Finally, one declarant has sworn that her manager often manually changed her time records. Allen Decl. ¶ 20.

The defendant opposes conditional certification on the grounds that the plaintiffs "do not identify a decision, policy, or plan that violates the FLSA, and none exists." [ECF No. 33 at 2]. According to the defendant, LenderLive had a written policy requiring employees to seek pre-approval before working overtime, but that any overtime work performed without pre-approval would still be paid subject to a discussion about proper procedure. The defendant does not address allegations that its managers would set impossibly high quotas that were to be

---

[2] It appears that Paragraph 16 was cut off from Ms. Donaldson's declaration, though the last line of the paragraph appears at the top of the last page and reads "adverse action including termination." Based on the substantial similarity between this line and the statements in the other declarations, the Court presumes that ¶ 16 declared that Ms. Donaldson had been threatened with adverse action including termination if she did not meet her quotas.

accomplished within 40 hours each week in order to avoid paying overtime, except to say that

these individuals must have been "rogue" managers that did not act pursuant to the company's

policy.  LenderLive insists that it "has never discouraged employees from reporting actual hours

worked." *Id.* at 3.  Instead, it claims that it paid over $1.2 million in overtime to its underwriters

in the three years preceding this suit, which, it insists, "establishes that there is no common

decision, policy or plan to deny underwriters overtime." *Id.* at 10.  The defendant provides

support for these positions through four declarations.  [ECF Nos. 33-1 and 33-3 through 33-5].

## CONDITIONAL CERTIFICATION

The FLSA requires that nonexempt employees be paid overtime compensation for time

worked in excess of 40 hours per week.  29 U.S.C. § 207(a)(1).  At a minimum, employers must

pay an overtime wage equal to one and one-half times the employee's hourly rate. *Id.*  The

FLSA authorizes private individuals to recover damages for violations of these overtime

provisions in the amount of the unpaid wages and, in some circumstances, an additional equal

amount as liquidated damages.  29 U.S.C. § 216(b).  The FLSA further provides, in relevant part:

> An action to recover the liability [for unpaid overtime compensation and liquidated
> damages] may be maintained against any employer . . . in any Federal or State court of
> competent jurisdiction *by any one or more employees for and in behalf of himself or
> themselves and other employees similarly situated.*

*Id.* (emphasis added).  The plaintiffs seek conditional certification of a collective action pursuant

to this provision on the grounds that that the putative class members are "similarly situated" to

the named plaintiffs.

The Tenth Circuit uses a two-step process for determining whether putative class

members are "similarly situated" to the named plaintiffs. *See Thiessen v. Gen. Elec. Capital

Corp.*, 267 F.3d 1095, 1102–05 (10th Cir. 2001).  For the first step, the district court makes an

initial "notice stage" determination of whether the plaintiffs are similarly situated for purposes of

conditional certification.  At this stage, the Tenth Circuit requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  *Id.* at 1102 (internal quotation marks and citations omitted).  "The standard for certification at this stage is a lenient one."  *Boldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (citation omitted).  At the end of discovery comes the second step, where the district court determines whether the class is "similarly situated" under a stricter standard, which includes the application of at least four factors.  *Id.* at 1102–03.

The question presented before this Court is whether the plaintiffs have met the initial notice stage requirement by substantially alleging that the putative class members were together the victims of a single decision, policy, or plan.  The Court finds that they have.  The plaintiffs have substantially alleged that underwriters in different LenderLive offices nationwide have been subjected to the same practice of being forced to work overtime without compensation to meet 40-hour-per-week quotas that are unattainable in that time frame.  While the defendant may insist that these employees were subject to the whims of "rogue" managers, such an argument is better made to a fact-finder at a later stage of the litigation.  The same is true for its claim that it never discouraged its employees from reporting overtime hours.  Finally, having paid some overtime in the three years preceding this suit does not establish as a matter of law that the underwriters were compensated for *all* of their work performed in excess of 40 hours per week. Any overtime actually paid will diminish the amount of recoverable damages, but its having been paid is not a bar to collective certification.[3]  The Court finds that the plaintiffs have satisfied the minimal burden necessary to conditionally certify their collective action under 29 U.S.C. § 216(b).

---

[3] The defendant makes no claim that it paid all overtime wages to all of its underwriters in the three years preceding the filing of this suit, nor has it made such a showing or moved for summary judgment on this issue.

PROPOSED *HOFFMANN-LA ROCHE* NOTICE

The plaintiffs ask that the Court authorize their attorneys to provide notice and a consent form to all mortgage underwriters employed by LenderLive between November 18, 2010 and the present. [ECF No. 28-1]. The defendant argues that the proposed notice is improper because it contains "inaccurate and misleading information." [ECF No. 33 at 12]. However, the defendant fails to explain what about the notice is either inaccurate or misleading. Instead, it objects to the notice because it is directed to "all underwriters," though its argument against this language simply mirrors the arguments made against conditional certification. *See id.* at 12–13. In sum, the defendant contends that it "did not have an unlawful policy, plan or decision, which applied to all underwriters." *Id.* at 13. This argument is unavailing. The plaintiff has met its burden of substantially alleging that the putative class members were together the victims of a single decision, policy, or plan. The plaintiffs' declarants worked in a number of offices nationwide, under different managers. The commonality of their experience is sufficient to substantially allege that there existed a widespread decision, policy, or plan to coerce underwriters to work "off the clock" in order to meet unrealistic quotas. To reiterate, the Court is approving a *conditional* collective certification, which will be subject to stricter review at a later stage in the litigation, at which point it may well be decertified. But for the time being, the plaintiffs have met their burden.

The defendant's only other objection to conditional certification is that the plaintiffs requested a 90-day opt-in window for the FLSA class but only a 30-day opt-out window for the WARN class, and that the plaintiffs have requested that the FLSA opt-in form be permitted to be returned via regular mail but that the WARN opt-out form be sent via certified mail. The Court has not ruled on the motion for class certification regarding the WARN action. Should the Court

approve class certification, it will consider the opt-out window and form return objections at that time.  The defendant has put forward no independent substantive argument against the 90-day opt-in window or the use of regular mail for returning the consent form.  The Court finds no infirmities with either.  Furthermore, the Court has reviewed the proposed notice and has no concerns with its form or substance.

## ORDER

For the foregoing reasons, the plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA [ECF No. 28] is GRANTED.

DATED this 17th day of October, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge