## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DOROTHY MURPHY and HEATHER CREAZZO, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs.<br>v.<br><br>LENDERLIVE NETWORK, INC.,<br><br>               Defendant. | **Case No.:** 13-cv-03135-RBJ-MJW |

### ORDER GRANTING PLAINTIFFS' MOTION
### FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ADDENDUM, CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT

The above-captioned matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement and Addendum, Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement ("Motion for Preliminary Approval").  Defendant agreed, for settlement purposes only, not to oppose the motion.

**I.     Preliminary Approval of Settlement**

1.     Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Jack A. Raisner ("Raisner Decl."), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Agreement of

Settlement and Release ("Settlement Agreement") and the Addendum to the Settlement

Agreement (the "Addendum") between Plaintiffs Dorothy Murphy and Heather Creazzo

(together, "Plaintiffs") and Defendant LenderLive Network, Inc. ("Defendant" or "LenderLive"),

and "so orders" all of its terms.

2.      Courts have discretion to approve a proposed class action settlement. *See Jones v.*

*Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) ("In exercising its discretion, the

trial court must approve a settlement if it is fair, reasonable and adequate.").

3.      In granting preliminary approval, courts apply a less stringent standard than at the

final approval stage. *In re Motor Fuel Temperature Sales Practices Litig.,* 258 F.R.D. 671, 675-

76 (D. Kan. 2009).

4.      To assess "whether the settlement is fair, reasonable and adequate," courts in the

Tenth Circuit consider: (1) whether the proposed settlement was fairly and honestly negotiated;

(2)  whether serious questions of law and fact exist, placing the ultimate outcome of the litigation

in doubt; (3)  whether the value of an immediate recovery outweighs the mere possibility of

future relief after protracted and expensive litigation; and (4) the judgment of the parties that the

settlement is fair and reasonable. *Jones,* 741 F.2d at 324; *Rutter & Wilbanks Corp. v. Shell Oil*

*Co.,* 314 F.3d 1180, 1188 (10th Cir. 2002); *Lucas v. Kmart Corp.,* 234 F.R.D. 688, 693 (D. Colo.

2006) (applying factors); *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 283 (D. Colo.

1997) (same).

5.      The Court concludes that the proposed Settlement Agreement is fair, reasonable,

and adequate, such that there is probable cause to submit the proposed settlement to class

members and hold a full-scale hearing as to its fairness at a later date. *See Jones,* 741 F.2d at

324; *Rutter*, 314 F.3d at 1188.

6.      The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of class and collective actions. "The fairness of the negotiating process is to be examined 'in light of the experience of counsel, the vigor with which the case was prosecuted, and [any] coercion or collusion that may have marred the negotiations themselves." *Ashley v. Reg'l Transp Dist. & Amalgamated Transit Union Div. 1001 Pension Fund Trust*, No. 05 Civ. 1567, 2008 WL 384579, at *5 (D. Colo. Feb. 11, 2008).  Here, the Parties initiated settlement discussions after the completion of discovery and a mediation session with an experienced employment law mediator, which subsequently led them to reach an accord resulting in the Settlement Agreement.  Raisner Decl. ¶¶ 17-24.

7.      The Court finds that serious questions of law and fact exist which put the outcome of the WARN litigation in doubt.  "The presence of such doubt augurs in favor of settlement because settlement creates a certainty of some recovery, and eliminates doubt, meaning the possibility of no recovery after long and expensive litigation."  *Ashley,* 2008 WL 384579, at *6 (citation omitted).  Here, serious questions of law and fact exist regarding LenderLive's liability under the WARN Act, which includes a disagreement between the parties regarding the number of employees laid off from LenderLive's Madison Heights location and who are subject to the WARN act.  Raisner Decl. ¶¶ 38-42.

8.      The Court finds that the value of an immediate recovery in the settlement outweighs the mere possibility of future relief after protracted and expensive litigation.  The Court must appraise "the monetary worth of the settlement," *Wilkerson*, 171 F.R.D. at 283, and balance the "the benefits of immediate settlement" against "the costs of protracted litigation." *Ashley,* 2008 WL 384579, at *7.  Here, both parties believe that a settlement avoids the expense and uncertainty for both parties if this case goes to trial. Moreover, the parties believe that even

if litigation were to continue, it could be years before Class Members obtain any recovery, if Class Members prevail at all.  By reaching a settlement prior to dispositive motions or trial, Plaintiffs will avoid significant expense and delay and ensure recovery for the Class in a prompt and efficient manner.

9.      Finally, the Court finds that that the parties believe the settlement is fair and reasonable.  When evaluating fairness and reasonableness, "[c]ounsels' judgment as to the fairness of the agreement is entitled to considerable weight." *Lucas,* 234 F.R.D. at 695.  "Courts have consistently refused to substitute their business judgment for that of counsel and the parties." *Alvarado Partners, L.P. v. Mehta*, 723 F. Supp. 540, 548 (D. Colo. 1989) (citation omitted).  Here, both Parties, with the counsel of their experienced attorneys, arrived at a settlement which provides each Class Member an average payment of approximately $3,000. Raisner Decl. ¶ 44.  These payments amount to approximately 20% of the total value of Class Members' WARN claims.  Raisner Decl. ¶ 45.  In light of the considerable risks involved in the WARN claim, as discussed above, the parties believe the settlement amount is fair and reasonable, and this Court agrees.

## II.      Certification of the Proposed Rule 23 Settlement Classes

10.      For settlement purposes, Plaintiffs seek to certify the Rule 23 WARN Class under Federal Rule of Civil Procedure 23(e).  The Court already granted class certification on Oct. 22, 2014.  ECF No. 61.  For all of the reasons set forth in Plaintiffs motions in support of class certification, ECF Nos. 27 and 133, certification remains appropriate for settlement purposes.

## III.      Appointment of Plaintiffs' Counsel as Class Counsel

11.      The Court appoints Outten & Golden LLP ("O&G") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).  *See Maez v. Springs*

*Auto. Grp., LLC*, 268 F.R.D. 391, 397-98 (D. Colo. 2010) (explaining that Rule 23(g) requires

the court to consider "the work counsel has done in identifying or investigating potential claims

in the action; counsel's experience in handling class actions, other complex litigation, and the

types of claims asserted in the action; counsel's knowledge of the applicable law; and the

resources that counsel will commit to representing the class." (citation omitted)

12.     Plaintiffs' Counsel has done substantial work identifying, investigating,

prosecuting, and settling Plaintiffs' and Class Members' claims. Raisner Decl. ¶¶ 11.  Class

Counsel, Outten & Golden LLP, is a firm dedicated to representing employees on individual

claims and in class actions, including under the WARN Act.  *Id.* ¶¶ 1, 7-8.  They are thus

qualified to evaluate the strength of the claims and the merits of settlement, and are appropriate

class counsel under Federal Rule of Civil Procedure 23(g).

13.     Courts have found Outten & Golden LLP to be adequate class counsel in

numerous employment law class actions involving the WARN Act.  Raisner Decl. ¶ 7.

14.     The work that Plaintiffs' Counsel has performed both in litigating and settling this

case demonstrates their skill and commitment to representing the class's interests.

**IV.     Notice**

15.     The Court approves the Proposed WARN Settlement Notice ("Proposed

Notice"), and Orders delivery of the Proposed Notice to the WARN settlement class.

16.     The content of the Proposed Notice fully complies with due process and Federal

Rule of Civil Procedure 23.

17.     The Court further Approves the modified class notice ("Modified Notice")

attached to the Addendum to the Settlement Agreement for distribution to a group of Class

Members who were inadvertently excluded from the previous opt-out notice in this litigation.

The Modified Notice complies with due process and Federal Rule of Procedure 23 by allowing these Class Members an opportunity to opt out of the settlement.

18.     Pursuant to Rule 23(e)(1), a district court approving a class action settlement "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed.R.Civ.P. 23(e)(1).  The settlement notice must "describe [ ] the aggregate amount of the settlement fund and the plan for allocation," *Rodriguez v. West Publ'g Corp.,* 563 F.3d 948, 962 (9th Cir.2009).

19.      The Proposed Notice and Modified Notice satisfy each of these requirements and adequately put Class Members on notice of the proposed settlement.  The Proposed Notice and Modified Notice are also appropriate because they describe the terms of the settlement, inform the class about the allocation of attorneys' fees, and provide specific information regarding the date, time, and place of the final approval hearing.

**V.     Class Action Settlement Procedure**

20.      The Court hereby adopts the following settlement procedure:

   a.     Within 10 business days of the date of this Order, the Claims Administrator shall email and mail the Proposed Notice to the WARN Class Members who previously received notice of this litigation, and the Modified Notice to the Class Members who did not receive the initial notice;

   b.     WARN Class Members will have 30 days from the date the Notice is mailed to object to the settlement;

   c.     WARN Class Members receiving the Modified Notice will also be allowed 30 days from the date the Modified Notice is mailed to opt out of the settlement class;

   d.     Plaintiffs will file a Motion for Final Approval of Settlement no later than 5 days before the fairness hearing;

        The Court will hold a final fairness hearing on **July 6, 2015 at 8:30 a.m**. at the United States District Court for the District of Colorado, Alfred A.

Arraj United States Courthouse, 901 19th Street, Denver, Colorado, Courtroom A902;

e.      If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Approval Order and Judgment for Dismissal. If no party appeals the Court's Final Approval Order and Judgment for Dismissal, the "Effective Date" of the settlement will be 30 days following the Court's Order Granting Final Approval of the Settlement;

f.      If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day of the Court's entry of a final order and judgment after resolving any appeals;

g.      The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel; the Service Awards, and the Claims Administrator's fee within 10 days of the Effective Date; and

h.      The parties shall abide by all terms of the Settlement Agreement and Addendum.

It is so ORDERED this 2nd day of June, 2015.

_____
Judge R. Brooke Jackson
United States District Judge