# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DOROTHY MURPHY and HEATHER CREAZZO, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs.<br>v.<br><br>LENDERLIVE NETWORK, INC.,<br><br>　　　　　　　　Defendant. | **Case No.: 13 Civ. 3135 (RBJ)** |

### ORDER GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS

This matter came before the Court on Plaintiffs' Motion for Approval of the FLSA Settlement, and Approval of Attorneys' Fees, Reimbursement of Expenses, and Service Awards ("Motion for Final Approval"). Defendant agreed, for settlement purposes only, not to oppose the motion.

　　　　1.　　Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Final Approval, the Declaration of Jack A. Raisner, Esq. ("Raisner Decl."), and all other papers submitted in connection with Plaintiffs' Motion for Final Approval, the Court grants final approval of the FLSA settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Dorothy Murphy and Heather Creazzo (together, "Plaintiffs") and Defendant LenderLive Network, Inc. ("Defendant" or "LenderLive"), attached to the Raisner Decl. as Exhibit A, and "so orders" all of its terms as it pertains to the FLSA settlement.

2. The Court approves the Fair Labor Standard Act settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

3. Outten & Golden are experienced class action employment lawyers with good reputations among the employment law bar. The Court grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $700,000 from the FLSA portion of the settlement fund, which is one-third of the amount allocated to the FLSA claims, plus $37,845.87 in total costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, by the ultimate recovery, and by the risk that Class Counsel undertook in bringing the claims. These amounts shall be paid from the settlement fund.

4. The Court finds reasonable the service awards for Dorothy Murphy and Heather Creazzo in the total amount of $10,000 each in recognition of the services they rendered on behalf of the FLSA collective. These amounts shall be paid from the FLSA portion of the settlement fund.

5. If no party appeals this Order, the "FLSA Effective Date" of the settlement will be 30 days after the Order granting approval of the FLSA settlement is entered. If an individual or party appeals this Order, the "Effective Date" of the Settlement will be the date of the Court's entry of a final order and judgment with respect to the FLSA claims after resolving any appeals.

6. The Claims Administrator will disburse settlement checks to FLSA Collective Members, Court-approved attorneys' fees and costs, and Court-approved service awards within 10 days of the FLSA Effective Date.

7. The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement.

    8.       The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 22nd day of July, 2015.

*(signature)*

R. Brooke Jackson  
United States District Judge